UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


DENNIS SPROUL,                    :
                                  :
          Petitioner             :
                                  :
     v.                           :   CIVIL NO. 3:CV-04-1221
                                  :
JAMES L. GRACE, ET AL.,           :   (Judge Conaboy)
                                  :
          Respondents            :
_____

**MEMORANDUM AND ORDER**
**Background**

     Dennis Sproul, an inmate presently confined at the State

Correctional Institution, Huntingdon, Pennsylvania (SCI-

Huntingdon), filed this pro se petition for writ of habeas

corpus.  Named as Respondents are SCI-Huntingdon Superintendent

James L. Grace and Pennsylvania Attorney General Gerald Pappert.

Service of the petition was previously ordered.

     Sproul states that he was convicted of possession with

intent following a non-jury trial in the Philadelphia County

Court of Common Pleas.  On March 2, 2001, the Petitioner was

sentenced to a four (4) to ten (10) year term of imprisonment.[1]

     Petitioner states that on February 17, 2004, SCI-Huntingdon

_____

     [1]  The sentence was directed to run concurrently to
Petitioner's February 27, 2001 sentence of three (3) to six (6)
years for an earlier possession with intent to deliver conviction.

1

Counselor J. Dinardi and an unidentified prison Unit Manager rescinded his institutional recommendation for parole on the basis that he had given his home address to a female prison employee during 2001.[2]  See Doc. 1, ¶ 12(A).  His petition adds that the Counselor and Unit Manager violated his due process and equal protection rights in that they "fundamentally altered the application of the parole release program," and fabricated documents to make it appear that he is a sex offender.  Id. at (b).  As a result of that allegedly false and inaccurate information, the Pennsylvania Board of Probation and Parole (Parole Board) has denied Sproul favorable consideration.  The Petitioner adds that there are no available state court remedies by which he can raise his present claims.  See id. at ¶ 13.  As relief, Sproul seeks immediate reconsideration by the Parole Board, or in the alternative, a transfer to a Community Corrections Center.

## Discussion

In their response, Respondents acknowledge that by decision dated February 25, 2004, the Parole Board denied Sproul favorable parole consideration.  According to Respondents, the decision cited the following three (3) reasons:  Petitioner had refused to accept responsibility for his offenses; reports,

---

[2]  Petitioner does not deny that he committed that act.

2

evaluations, and assessments concerning the prisoner's physical, mental and behavioral condition and history; and the Petitioner's interview with the hearing examiner.  They add that Sproul has not presented his present claims to any Pennsylvania state court.  Accordingly, they request that this action be dismissed for non-exhaustion.  In the alternative, Respondents argue that Sproul is not entitled to federal habeas corpus relief because he has not established either a due process or equal protection violation.

**Exhaustion**

Respondents argue that the Petitioner has failed to exhaust his available state court remedies.  <u>See</u> Doc. 11, p. 4.  Relying upon <u>Coady v. Vaughn</u>, 251 F.3d 480, 489 (3d Cir. 2001), they argue that Sproul could raise his challenge to the denial of parole to the Pennsylvania Commonwealth Court via a petition for writ of mandamus.

28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State."  <u>See</u>  <u>Clifford v. Jacobs</u>, 739 F. Supp. 957, 959-60 (M.D. Pa. 1990).  Under 28 U.S.C. § 2254(c), such a petitioner "shall not be deemed to have

exhausted the remedies available in the courts of the State ...

if he has the right under the law of the State to raise, by any

available procedure, the question presented."  In <u>O'Sullivan v.

Boerckel</u>, 526 U.S. 838 (1999), the Supreme Court held that while

exhaustion does not demand that state prisoners "invoke

extraordinary remedies," "state prisoners must give the state

courts one full opportunity to resolve any constitutional issues

by invoking one complete round of the State's established

appellate review process."   <u>Id</u>. at 844-45.

    Exceptions to the exhaustion requirement are made when the

state corrective process is so deficient as to render any effort

to obtain relief futile.  <u>See</u> 28 U.S.C. § 2254(b).  In  <u>Lines v.

Larkin</u>, 208 F.3d 153, 162-63 (3d Cir. 2001), the Third Circuit

Court of Appeals identified four (4) situations where futility

exists:   (1) "where a state's highest court has ruled

unfavorably on a claim involving facts and issues materially

identical to those undergirding a federal habeas petition and

there is no plausible reason to believe that a replay will

persuade the court to reverse its field;" (2) "where the state

provides no means of seeking the relief sought;"   (3) "the

state courts have failed to alleviate obstacles to state review

presented by such circumstances such as the petitioner's pro se

status, poor handwriting, and illiteracy;"  and (4) "exhaustion

is not possible because the state court would refuse on procedural grounds to hear the merits of the claims." <u>Id</u>. at 162-63.

Although "the exhaustion requirement is not jurisdictional," <u>Landano v. Rafferty</u>, 897 F.2d 661, 668 (3d Cir.), <u>cert. denied</u>, 498 U.S. 811 (1990), "the requirement should be strictly adhered to because it expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." <u>Id</u>.; <u>see also</u> <u>Doctor v. Walters</u>, 96 F.3d 675, 683 (3d Cir. 1996):

> The exhaustion requirement reflects concerns of comity and federalism which require this Court to give state courts [the] first opportunity to 'consider allegations of legal error without interference from the federal judiciary.'  Although exhaustion may be excused where a return to the state courts would be futile, we must be certain that state review is clearly foreclosed lest we deprive state courts of an 'opportunity to correct their own errors, if any.' (citations omitted).

Since the filing of this action and submission of the response there have been important federal case law developments in the area of when, and if, a Pennsylvania state prisoner must seek state court review of a denial of parole.  Specifically, in January of 2005, the Third Circuit Court of Appeals in <u>Defoy v. McCullough</u>, 393 F.3d 439, 445 (3d Cir. 2005), held that a state

prisoner challenging the denial of parole on constitutional grounds, other than for a violation of the Ex Post Facto Clause, was not required to exhaust state court remedies via a mandamus petition before pursuing federal habeas review.

Although Sproul filed his petition on June 7, 2004, several months prior to <u>Defoy</u>, given the "considerable jurisprudential confusion" at the time surrounding this issue, it was reasonable for him to believe that exhaustion was not required. <u>Id</u>. at 446 (Weis, J., concurring). Furthermore, in light of <u>Defoy</u>, the Respondents' reliance upon <u>Coady</u> is no longer persuasive.

Nonetheless, the question of exhaustion need not be resolved as the claims presented by Sproul are clearly without merit. <u>See</u> 28 U.S.C. § 2254(b)(2)(a federal court can deny a habeas petition "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

**<u>Standard of Review</u>**

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz v. Inmates of Nebraska Penal & Correctional Complex</u>, 442 U.S. 1, 7 (1979); <u>see also</u> <u>Rauso v. Vaughn</u>, 79 F. Supp.2d 550, 551 (E.D. Pa. 2000) (the federal Constitution does not create an

entitlement to parole).  Furthermore, it has been held that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled.  <u>Burkett v. Love</u>, 89 F.3d 135, 139 (3d Cir. 1996);  <u>Rodgers v. Parole Agent SCi-Frackville, Wech</u>, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996); <u>McCrery v. Mark</u>, 823 F. Supp. 288, 294 (E.D. Pa. 1993).  However, the United States Court of Appeals for the Third Circuit has also held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under <u>Greenholtz</u>, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

<u>Block v. Potter</u>, 631 F.2d 233, 236 (3d Cir. 1980).  Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria."  <u>Id</u>.  Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. <u>Id</u>.  Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the Parole Board made its determination based on "frivolous criteria with no rational relationship to the

purpose of parole . . . ."  <u>Id</u>. at 236 n.2.[3]

In the present case, the Parole Board's decision denying parole stated that the Petitioner had been interviewed and a review of his file had taken place.  Next, the decision indicated that Petitioner had not accepted responsibility for the offenses committed.  It was also noted that reports, evaluations, and assessments regarding Petitioner's physical, mental, and behavioral condition and history had been considered.  The Parole Board additionally stated that there had been unacceptable compliance by Sproul with prescribed institutional programs and recommended that the prisoner should participate in a sex offender treatment program (presumably based on the Petitioner's aforementioned improper conduct with a female correctional official).  <u>See</u> Doc. 13, Exhibit B.  Each of the above described matters are encompassed within § 331.19 as appropriate factors to be considered in parole decisions.[4]

---

[3]  Of course, the nature of the inmate's underlying offense and his criminal history are clearly relevant and permissible factors to be considered when making a parole determination.  <u>See</u> <u>Muhammad v. Mendez</u>, 200 F. Supp.2d 466, 472 n. 6  (M.D. Pa. 2002)(it is appropriate to consider the circumstances of a petitioner's offense when determining whether he is safe to release into the community).

[4] § 331.19 provides in relevant part:

It shall be the duty of the board . . . to consider the nature and circumstances of the

Petitioner argues that the Parole Board's conclusion that he failed to accept responsibility is undermined by the fact that he entered a guilty plea. This Court disagrees. A decision to enter a guilty plea is often influenced by the potential adverse consequences facing a criminal defendant, such as maximum prison term. It clearly does not negate the lack of a post-conviction acceptance of responsibility by a prisoner to a parole hearing examiner. The Court additionally notes that Petitioner does not deny that he refused to accept responsibility for his criminal conduct during the parole review process.

Next, Sproul asserts that because he was housed in an honor cell block for over two (2) years, any negative reports, evaluations or assessments lack credibility. It is noted that the Parole Board's decision does not specifically reference any negative reports, evaluations or assessments. Furthermore, the criteria for determining the eligibility of a prisoner to be

---

offense committed, any recommendations made by the trial judge and prosecuting attorney, the general character and background of the prisoner. . . . The board shall further cause the conduct of the person while in prison and his physical, mental and behavior condition and history, . . . his complete criminal record, as far as the same may be known, to be reported and investigated.

housed in an honor cell block is not necessarily the functional equivalent of the review process undertaken when making a determination as to whether the inmate is a suitable candidate for release on parole.

As noted above, a state inmate is entitled to federal habeas corpus relief under Block if he can show that he was arbitrarily denied parole on the basis of his race, religion or ethnicity.  Sproul has not provided this Court with any facts which could support an equal protection claim that his parole eligibility was negatively impacted on the basis of any of those factors.  There is also no indication whatsoever that he was treated differently from any similarly situated Pennsylvania state prisoner.

Moreover, conclusory habeas allegations unsupported by specifics will not entitle an applicant to relief.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Mayberry v. Petsock, 821 F.2d 179, 185-87 (3d Cir. 1987)(vague and general allegations are an insufficient basis to warrant federal habeas corpus relief).  He has not produced a single fact or shred of evidence to support his claim of being denied parole on the basis of any of the criteria enumerated in Block.  Furthermore, Sproul has not specifically identified any of the allegedly fabricated documents and reports supposedly relied upon by the

Parole Board.

Petitioner also takes issue with the fact that an institutional incident which involved the giving of his address to a female employee was considered by the Parole Board and apparently was relied upon by the Parole Board in making a recommendation that the prisoner participate in sex offender programming.[5]   Under the criteria developed in Block, Sproul's conduct while incarcerated as evidenced by an adverse disciplinary determination was clearly a relevant and appropriate factor to be taken into consideration by the Parole Board.   See McGuire v. Libhart, 1995 WL 672374 (E.D. Pa. Nov. 13, 1995)(misconduct during incarceration is an appropriate issue for parole consideration of a Pennsylvania state inmate)

It is also noted that a Parole Board's requirement that an inmate complete a sex offender program in order to obtain favorable parole consideration has been found to be constitutionally acceptable.   See Drain v. Pa. Board of Probation and Parole, Civil No. 1:CV-00-1704, slip op. at p. 5

---

[5]   Unfortunately, neither the Petitioner nor the Respondents have provided this Court with any specifics regarding this incident.  By his own admission, Sproul was "punished" for a 2001 incident involving a female correctional employee and this incident apparently led to the Parole Board's recommendation that he participate in a sexual offender treatment program.  Doc. 1, ¶ 12 (A) &(B).  Sproul has also filed a letter with the Court admitting that he previously committed a sex offense.  See Doc. 17.

(M.D. Pa. Dec. 7, 2000)(Kane, J.); <u>Whibby v. Superintendent</u>

<u>Mazurkiewicz</u>, Civil No. 3:CV-95-771, slip op.   (M.D. Pa. April

11, 1997)(Kosik, J.).   A recommendation that Sproul complete a

sex offender treatment program following his involvement in an

incident involving a female correctional officer is not

impermissible under <u>Block</u>.[6]  This determination is further

bolstered by the fact that in a letter filed with this Court on

July 12, 2005, Petitioner indicates that he committed a sex

offense 22 years ago.  <u>See</u> Doc. 17.   It would also appear that

information regarding this prior sex offense was made available

to the Parole Board.   Having been convicted of a sex offense and

involved in an incident involving a female correctional

employee, it was clearly within acceptable constitutional

parameters for the Parole Board to recommend sex offender

treatment for Sproul.

     In conclusion, Sproul has failed to set forth either a

viable due process or equal protection claim.   Consequently,

Petitioner's request for federal habeas corpus relief will be

denied.   An appropriate Order will enter.


                         <u>S/Richard P. Conaboy</u>
                         RICHARD P. CONABOY
                         United States District Judge


_____

     [6]  By way of comparison, requiring a prisoner with a drug
addiction to undergo substance abuse treatment although he was not
convicted of a drug related offense would be appropriate.

DATED: April 7 , 2006

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


DENNIS SPROUL,                          :
                                        :
          Petitioner                    :
                                        :
     v.                                 :   CIVIL NO. 3:CV-04-1221
                                        :
JAMES L. GRACE, ET AL.,                 :   (Judge Conaboy)
                                        :
          Respondents                   :
_____

**ORDER**

          AND NOW, THEREFORE, THIS 7th DAY OF APRIL, 2006, IT IS

HEREBY ORDERED THAT:


     1.   The petition for writ of habeas corpus is denied.

     2.   The Clerk of Court is directed to close the case.

     3.   Based on the Court's determination herein, there

          is no basis for the issuance of a certificate of

          appealability.




          S/Richard P. Conaboy
          RICHARD P. CONABOY
          United States District Judge